IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GENERAL ELECTRIC CAPITAL CORPORATION and
GE CAPITAL COMMERCIAL, INC.,

                 Plaintiffs,

v.

MALASZUK SPECIALIZED LOGISTICS, LLC,
JOHN MALASZUK, and LISA MALASZUK,

                 Defendants.

ORDER

15-cv-191-jdp

---

There are two motions currently before the court: defendant Lisa Malaszuk's motion to dismiss, Dkt. 15, and plaintiffs General Electric Capital Corporation and GE Capital Commercial, Inc.'s motion for leave to file a first amended complaint, Dkt. 17. Before the court can rule on either motion, plaintiffs must file an amended complaint that adequately alleges a basis for subject matter jurisdiction.

The initial complaint and the proposed amended complaint allege that John and Lisa Malaszuk are residents of Wisconsin. Dkt. 1, ¶¶ 3-4 and Dkt. 17-1, ¶¶ 2-3. "[B]ut residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002). "[R]esidence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). It is immaterial that some of the defendants admitted to these jurisdictional allegations. *See* Dkt. 12. Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Before this case can proceed, plaintiffs must file an amended complaint that properly alleges John and Lisa's citizenship, which will in turn adequately allege Malaszuk Specialized's citizenship. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("[T]he citizenship of an LLC is the citizenship of each of its members."). Plaintiffs may therefore have 14 days from the date of this order to file an amended complaint that properly alleges diversity of citizenship.

Although subject matter jurisdiction is not yet secure, the court will provide the parties with additional guidance, given the procedural posture of the case. Plaintiffs must file an amended complaint that repeats the allegations in their *initial* complaint. The court will then hold an in-person hearing to address the merits of the two pending motions as they apply to this new complaint. The parties should be prepared to discuss the following topics at the hearing:

1. At this point, the court is not persuaded that General Electric Capital Corporation can overcome *Associates Financial Services Company. v. Eisenberg*, 51 Wis. 2d 85, 186 N.W.2d 272 (1971), to assert a breach of guaranty claim against Lisa Malaszuk based on a retroactive application of her guaranty agreement. The court is therefore inclined to deny plaintiffs' motion for leave to amend and grant Lisa Malaszuk's motion to dismiss.

2. Plaintiffs' motion for leave to amend asks the court to dismiss all claims relating to GE Capital Commercial, Inc. Dkt. 17. But neither party has addressed whether the court could retain supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367.

ORDER

IT IS ORDERED that plaintiffs General Electric Capital Corporation and GE Capital Commercial, Inc. may have until November 3, 2015, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for

purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332. Failure to timely amend will result in prompt dismissal of this case for lack of subject matter jurisdiction.

Entered October 20, 2015.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge