IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GENERAL ELECTRIC CAPITAL CORPORATION and
GE CAPITAL COMMERCIAL, INC.,

OPINION & ORDER

                      Plaintiffs,

     v.                                   15-cv-191-jdp

MALASZUK SPECIALIZED LOGISTICS, LLC,
JOHN MALASZUK, and LISA MALASZUK,

                      Defendants.

---

This is a breach of contract case arising out of a series of loans that plaintiffs General Electric Capital Corporation (GECC) and GE Capital Commercial, Inc. (GE Capital) made to defendant Malaszuk Specialized, LLC, and to one of its members, defendant John Malaszuk. John personally guarantied two of the loans, and his wife, defendant Lisa Malaszuk, guarantied another one. But when Malaszuk Specialized defaulted, John and Lisa failed to make good on their guaranties. GECC and GE Capital therefore filed suit to recover the amounts due.

Lisa has moved to dismiss GE Capital's claim against her for lack of subject matter jurisdiction, contending that the claim is for less than $75,000. Dkt. 15. GECC and GE Capital have conceded the point by moving for leave to file a proposed amended complaint that largely repeats the allegations and claims in the initial complaint, but that names GECC as the only plaintiff. Dkt. 17-1. Lisa opposes the motion to amend, contending that her guaranty did not cover the loans for which GECC's proposed claims would impose liability upon her. Thus, according to Lisa, the claim against her still fails to meet the amount in controversy requirement for jurisdiction under 28 U.S.C. § 1332.

On November 10, 2015, the court held a hearing on the parties' motions. The principal issues at the hearing were: (1) whether the court could exercise supplemental jurisdiction over GE Capital's breach of contract claim against Malaszuk Specialized; and, if so, (2) whether the court could exercise supplemental jurisdiction over GE Capital's breach of warranty claim against Lisa. The parties have submitted supplemental briefing on these points, Dkt. 33 and Dkt. 34, and their motions are now ripe for consideration.

The court will grant Lisa's motion to dismiss and deny GECC and GE Capital's motion for leave to file their proposed amended complaint. The end result will be that GECC can proceed with breach of contract claims against John and Malaszuk Specialized and with breach of guaranty claims against John. GE Capital can proceed with a breach of contract claim against Malaszuk Specialized and with breach of guaranty claims against John. But the court must dismiss Lisa from this case, as well as the claims against her.

ALLEGATIONS OF FACT

The court draws the following facts from the amended complaint and the exhibits that GECC and GE Capital attached to it. Dkt. 24.[1]

GECC is a Delaware corporation with its principal place of business located in Connecticut. GE Capital is a Delaware corporation with its principal place of business located in Texas. Both corporations are wholly owned subsidiaries of General Electric Company, and both companies provide financing to transportation businesses. Malaszuk Specialized is a Wisconsin limited liability company that is in the transportation business. Malaszuk

---

[1] GECC and GE Capital filed an amended complaint to properly allege a basis for subject matter jurisdiction. Dkt. 24. This is the pleading that GECC's "proposed amended complaint," Dkt. 17-1, would replace.

Specialized has two members: John and Lisa Malaszuk, who are husband and wife. John and Lisa are both citizens of Wisconsin, and so Malaszuk Specialized is a citizen of Wisconsin for purposes of establishing diversity jurisdiction.

There are four loans at issue in this case, all of which occurred between February 2012, and September 2013. Malaszuk Specialized used these loans to finance the purchase of vehicles to use in its transportation business. The first loan was from GECC to John, for a principal sum of just over $620,000. The second and third loans were from GECC to Malaszuk Specialized, for a combined principal sum of almost $280,000. John signed personal guaranties for both loans. The fourth loan was from GE Capital to Malaszuk Specialized, for a principal sum of $75,000. Lisa signed the loan documents on behalf of Malaszuk Specialized, and she also signed a personal guaranty for the loan.

John and Malaszuk Specialized defaulted on all four loans. In February 2015, GECC and GE Capital sent demand letters to John and Lisa notifying them of Malaszuk Specialized's default under the loan agreements and of their own defaults under the guaranty agreements. The demand letter to Lisa referred *only* to the fourth loan (by reference number) and gave Lisa 10 days to pay a past due amount of $4,496.31 on that loan. The letter warned Lisa that if she failed to pay, then "GE Capital"[2] would accelerate the loan, making a balance of $61,410.11 due immediately.

Malaszuk Specialized, John, and Lisa failed to pay the demanded past due amounts. Thus, as of February 13, 2015, the amount due and owing exceeded $660,000. GECC and GE Capital filed suit on March 25, 2015, alleging three claims: (1) breach of contract against Malaszuk Specialized; (2) breach of contract against John; and (3) breach of guaranty against

---

[2] It is not clear whether this refers to GECC or to GE Capital.

John and Lisa. Dkt. 1. A month later, Lisa moved to dismiss the claim against her for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. 15. GECC and GE Capital responded with a motion for leave to file an amended complaint. Dkt. 17. The proposed amendment omits claims arising out of the fourth loan and names GECC as the only plaintiff in this case. Dkt. 17-1.

The court has subject matter jurisdiction over GECC's claims against John and Malaszuk Specialized pursuant to 28 U.S.C. § 1332, because the parties are completely diverse and the amount in controversy exceeds $75,000. As explained below, the court has supplemental jurisdiction over GE Capital's claims against Malaszuk Specialized pursuant to 28 U.S.C. § 1367, because they form part of the same case or controversy.

ANALYSIS

The parties' opening briefs principally focused on whether this case could proceed with claims against Lisa. But in their supplemental filings, the parties discussed whether any claims over which the court lacks original jurisdiction can nevertheless stay in this case through supplemental jurisdiction. The court will address each issue separately.

**A.  Claims against Lisa**

The proposed amended complaint purports to moot Lisa's motion to dismiss by naming GECC as the only plaintiff in this case. Dkt. 17. Rule 15 permits a party to amend its pleadings once as a matter of course, within 21 days of being served with an answer or a motion to dismiss under Rule 12(b), and in all other cases with leave of court.[3] But "[u]nder

---

[3] GECC and GE Capital filed their motion 22 days after John and Malaszuk Specialized filed their answer and 21 days after Lisa filed her motion to dismiss.

either circumstance, a district court may deny leave to amend if the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss." *Perkins v. Silverstein*, 939 F.2d 463, 472 (7th Cir. 1991); *see also Arlin-Golf, LLC v. Vill. of Arlington Heights*, 631 F.3d 818, 823 (7th Cir. 2011). Here, Lisa contends that GECC and GE Capital's proposed amendment does not correct the defects that she identified in the initial complaint.[4] The court agrees and will therefore deny GECC and GE Capital's motion.

The proposed amended complaint alleges that Lisa is liable to GECC for breaching her guaranty with regard to the second and third loans. Dkt. 17-1, ¶¶ 40-46. The agreement that Lisa signed provided that:

> [f]or Valuable Consideration, the receipt and sufficiency of which is hereby acknowledged, [Lisa] unconditionally guarantee[s] to [GECC and to GE Capital] that MALASZUK SPECIALIZED LOGISTICS LLC (the Company) . . . shall promptly and fully perform, pay and discharge all of its present and future liabilities, obligations and indebtedness to GE Capital, whether direct or indirect, joint or several, absolute or contingent, secured or unsecured, matured or un-matured, and whether originally contracted with or otherwise acquired by GE Capital (all of which liabilities, obligations and indebtedness are herein individually and collectively called the "Indebtedness").

Dkt. 24-7, at 2.

GECC contends that Lisa's guaranty covered the second and third loans because it referred to Malaszuk Specialized's *present* liabilities, obligations, and indebtedness. Malaszuk Specialized had not fully repaid the second and third loans when Lisa signed the guaranty,

---

[4] Lisa's motion to dismiss invoked only Rule 12(b)(1). *See* Dkt. 15, at 1. But in opposing GECC's motion to amend, Lisa implies that she would have also presented a merits-based motion to dismiss the initial complaint had GECC and GE Capital clearly indicated their theory that Lisa's guaranty covered the second and third loans. *See* Dkt. 19, at 2.

and so GECC argues that these loans qualified as "present" indebtedness. Lisa responds by directing the court to *Associates Financial Services Company. v. Eisenberg*, a case in which the Wisconsin Supreme Court held that "[a] guaranty is to be construed to be prospective rather than retrospective unless it clearly appears that the parties intended it should cover past transactions." 51 Wis. 2d 85, 186 N.W.2d 272, 275 (1971).[5]

The facts in *Eisenberg* are similar to this case. Northern Financial Corporation—which later assigned its rights to the plaintiff—issued three separate loans to DEC Aviation Corporation, of which Eisenberg, the defendant, was a director. *Id.* at 273-74. DEC secured the first loan with a chattel mortgage, and the company's president and his wife both signed personal guaranties. *Id.* at 273. For the second loan, DEC provided another chattel mortgage, but this time, the company's president, his wife, *and* Eisenberg signed personal guaranties. *Id.* DEC secured the third loan with only a chattel mortgage. *Id.* at 274. After DEC experienced financial hardship, the company sold its assets to Eisenberg and then repaid the second loan with the proceeds. *Id.* The plaintiff filed suit against Eisenberg, alleging that he was obligated to guaranty the first and third loans. *Id.* at 273.

The trial court determined that Eisenberg's guaranty covered all three transactions. *Id.* The supreme court reversed, concluding that "the guaranty include[d] the third loan, the second loan, but not the first loan." *Id.* at 275. The court's analysis turned on the language of Eisenberg's guaranty agreement, which stated that he:

> guarantee[d] the payment of any and all obligations of [DEC], which may be contracted with or owing to Northern Illinois Corporation . . . . I further guarantee the prompt and faithful

---

[5] The court is sitting in diversity and therefore applies Wisconsin substantive law to analyze whether GECC can state a claim against Lisa for breach of guaranty. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010).

> performance and discharge by [DEC] of any and all of its
> obligations under any notes as present or future agreements of
> [DEC] with Northern Illinois Corporation.

*Id.* at 273-74. After concluding that the guaranty's language was ambiguous, the court

construed the agreement to contemplate future obligations (i.e., the third loan) and present

obligations (i.e., the second loan). *Id.* at 275. But the court held that "the word 'present' used

in a parallel context means a contract made in the present, or presently, *not* a contract made

in the past but whose obligations presently exist." *Id.* (emphasis added).

GECC contends that *Eisenberg* is distinguishable because the guaranty at issue in that

case referred to "obligations" as opposed to "indebtedness"—a term that Lisa's guaranty

includes. *See* Dkt. 24-7, at 2. According to GECC, indebtedness implies an amount already

owed, and so the phrase "present indebtedness" was necessarily retrospective because it

required looking into the past to determine how much money Malaszuk Specialized owed to

GECC at the time that Lisa signed her guaranty. This argument is not persuasive. Like

indebtedness, an obligation can be a responsibility for something that has already happened.

Guarantying a present obligation would also require looking into the past to determine the

extent of that obligation. Under *Eisenberg*, guaranties that refer to "present" obligations are

not retrospective. 186 N.W.2d at 275. There is no principled difference between an

obligation and an indebtedness, and so *Eisenberg* forecloses the claims that GECC is trying to

assert against Lisa.

Even if the court were to credit GECC's argument that an indebtedness *could* be

retrospective, this would leave the guaranty ambiguous. And the court would have to resolve

that ambiguity in Lisa's favor because she is the guarantor. *Bank of Sun Prairie v. Opstein*, 86

Wis. 2d 669, 273 N.W.2d 279, 282 (1979). For all of the guaranty's verbosity, there is no

language specifically mentioning debts incurred in the past. Thus, because it does not "clearly appear[] that the parties intended [Lisa's guaranty to] cover past transactions," *Eisenberg*, 186 N.W.2d at 275, GECC cannot state a claim against Lisa that is premised on a retrospective interpretation of her guaranty agreement. The proposed amended complaint could not survive a second motion to dismiss because Lisa's guaranty did not cover the second and third loans. The court must therefore deny GECC and GE Capital's motion for leave to amend.

This leaves Lisa's motion to dismiss. GECC and GE Capital do not dispute that if they cannot overcome *Eisenberg*—which they cannot—then there is no basis for this court to exercise jurisdiction over GE Capital's claim against Lisa. Dkt. 34, at 4. The court will therefore grant Lisa's motion to dismiss GE Capital's breach of guaranty claim against her, without prejudice, for lack of subject matter jurisdiction. *See Bovee v. Broom*, 732 F.3d 743, 743 (7th Cir. 2013).

Lisa also asks the court to dismiss GECC's breach guaranty claims against her with prejudice, for failure to state a claim upon which relief can be granted. But it is not clear that GECC actually pled any such claims; the amended complaint broadly alleges only that John and Lisa breached their guaranties and caused damages to GECC and GE Capital. Dkt. 24, ¶¶ 42-48. True, GECC *proposed* to bring claims against Lisa in an amended complaint, but the court refused to accept that amended complaint.

The standards that the court uses to determine whether a proposed amended complaint is futile match the standards that the court would use to review a motion to dismiss under Rule 12(b)(6). *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015). However, Lisa has not identified authority that would

allow the court to dismiss proposed claims with prejudice simply because they were not proper amendments to a complaint. Preclusion principles may prevent GECC from asserting similar claims in a new complaint. But that would be a determination for a future tribunal to make, not this court.

## B. Supplemental jurisdiction

The parties appear to agree that GE Capital has claims against John and Malaszuk Specialized over which the court could exercise supplemental jurisdiction. Dkt. 33, at 3 and Dkt. 34, at 4. Under § 1367(a), "once a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "Two claims are part of the same case or controversy if they derive from a common nucleus of operative facts. A loose factual connection between the claims is generally sufficient." *Sanchez & Daniels v. Koresko*, 503 F.3d 610, 614 (7th Cir. 2007) (internal citations and quotation marks omitted). Here, GE Capital's breach of contract claim against Malaszuk Specialized and breach of guaranty claims against John satisfy these requirements.

This case concerns a series of four loans and three corresponding guaranties. All seven transactions occurred within the span of less than two years, between essentially the same parties. Moreover, GE Capital was the lender for one of the loans to Malaszuk Specialized, Dkt. 24-6, at 2, and each of John's guaranty agreements guarantied repayment to GECC *and* GE Capital, Dkt. 24-3 and Dkt. 24-5. The amended complaint alleges that Malaszuk Specialized and John have defaulted on these agreements. Dkt. 24. Based on these allegations, the court concludes that there is at least "a loose factual connection" between GE Capital's claims and GECC's claims, such that supplemental jurisdiction exists.

Although there is a basis for exercising supplemental jurisdiction over GE Capital's claims against John and against Malaszuk Specialized, the same is not true for GE Capital's claim against Lisa. Section 1367(b) precludes courts from exercising supplemental jurisdiction over claims "against persons made parties under Rule 14, 19, 20, or 24 . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." John and Malaszuk Specialized are proper defendants in this case by virtue of GECC's claims. But because Lisa will be dismissed from this case, GE Capital would have to join her as a defendant pursuant to Rule 20. As the parties agree, GE Capital's claim against Lisa does not satisfy the amount in controversy requirement of § 1332. Thus, the court cannot exercise supplemental jurisdiction over this aspect of the case.

Under the facts of this case, this result is inefficient. As long as this court must address the disputes between John, Malaszuk Specialized, GECC, and GE Capital, it would not take that much more effort to take up the matters involving Lisa, too. But the limits on this court's jurisdiction are strict, and the court may not disregard them simply because it might save some time to do so.

ORDER

IT IS ORDERED that:

1. Defendant Lisa Malaszuk's motion to dismiss, Dkt. 15, is GRANTED. Count III, as alleged against Lisa Malaszuk, is DISMISSED without prejudice.

2. Plaintiffs General Electric Capital Corporation and GE Capital Commercial, Inc.'s motion for leave to file an amended complaint, Dkt. 17, is DENIED.

3.  Lisa Malaszuk is DISMISSED from this case.

Entered November 24, 2015.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge