IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GENERAL ELECTRIC CAPITAL CORPORATION
and GE CAPITAL COMMERCIAL, INC.,

                   Plaintiffs,

     v.

MALASZUK SPECIALIZED LOGISTICS, LLC
and JOHN MALASZUK,

                   Defendants.

ORDER

15-cv-191-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Two motions are before the court in this case for breach of contract: (1) a motion filed by plaintiffs General Electric Capital Corporation and GE Capital Commercial, Inc. to substitute BMO Harris Bank N.A. for plaintiffs, dkt. #53; and (2) plaintiffs' motion for summary judgment, dkt. #36. Plaintiffs seek to substitute BMO because plaintiffs transferred all of their interests in the contracts related to this case to BMO. Plaintiffs' motion to substitute BMO is unopposed, so I will grant that motion. However, substituting BMO raises a new question about jurisdiction.

     As a basis for jurisdiction, the parties are relying on 28 U.S.C. § 1332, which requires diversity of citizenship between the plaintiffs and defendants and an amount in controversy greater than $75,000. Plaintiffs alleged in the complaint that defendants owe more than $600,000, so the amount in controversy requirement is satisfied.

1

With respect to diversity of citizenship, it is undisputed that both defendants are citizens of Wisconsin. Dfts.' Resp. to Plts.' PFOF ¶¶ 3-4, dkt. #46. However, plaintiffs have not cited any evidence regarding BMO's citizenship. "[A] national bank . . . is a citizen of the State in which its main office, as set forth in its articles of association, is located." Wachovia Bank v. Schmidt, 546 U.S. 303, 307 (2006). In their motion to substitute, plaintiffs allege that BMO's "principal place of business" is in Chicago, Illinois. Dkt. #53 at ¶ 9. However, plaintiffs did not provide its articles of association or otherwise cite any evidence to support the allegation. Now that the case is ripe for summary judgment, allegations are no longer sufficient. Accordingly, I will give BMO an opportunity to present evidence of its citizenship.

ORDER

IT IS ORDERED that

1. The motion filed by plaintiffs General Electric Capital Corporation and GE Capital Commercial, Inc. to substitute BMO Harris Bank N.A. for plaintiffs, dkt. #53, is GRANTED.

2. Plaintiff BMO Harris Bank N.A. may have until April 8, 2016, to submit evidence of its citizenship; defendants may have until April 15, 2016, to file any objections to that

evidence. If BMO does not respond to this order by April 8, 2016, I will dismiss the case for lack of jurisdiction.

Entered this 4th day of April, 2016.

                                        BY THE COURT:
                                        /s/
                                        BARBARA B. CRABB
                                        District Judge