IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BMO HARRIS BANK N.A.,

                                                            OPINION AND ORDER

           Plaintiff,

                                                            15-cv-191-bbc

    v.

MALASZUK SPECIALIZED LOGISTICS, LLC
and JOHN MALASZUK,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff BMO Harris Bank N.A. is suing defendants John Malaszuk and Malaszuk Specialized Logistics, LLC for the amounts owed on four loan agreements.  General Electric Capital Corporation and GE Capital Commercial, Inc. were the original plaintiffs in this case, but I granted the unopposed motion to substitute BMO Harris Bank N.A. because BMO had obtained all the rights to the loans.

      Before the substitution, the former plaintiffs filed a motion for summary judgment, dkt. #36, which is now fully briefed.  Because BMO has not asked for permission to supplement any of the summary judgment submissions, I understand BMO to be adopting the briefs and arguments the former plaintiffs filed.  (For the remainder of the opinion, I will refer to BMO Harris Bank N.A. as "plaintiff" and to General Electric Capital Corporation and GE Capital Commercial, Inc. as "GE.")

      Plaintiff's argument in the motion for summary judgment is straightforward:

1

defendants received a series of loans from GE in 2012 and 2013 and defendants have defaulted on each of those loans. Defendants have raised several arguments in response to the motion, but none of them are persuasive and none of them show that defendants should not be held for the debts they still owe. Accordingly, I am granting plaintiff's motion for summary judgment.

From the parties' proposed findings of fact and the record, I find that the following facts are undisputed.

## UNDISPUTED FACTS

Defendants John Malaszuk and Malaszuk Specialized Logistics, LLC are "involved in . . . the transportation business." Dfts.' PFOF ¶ 6, dkt. #46. (The parties do not provide any details regarding the nature of defendants' business.) John Malaszuk is one of the members of Malaszuk LLC, along with Lisa Malaszuk, who was married to John during the events relevant to this case.

On February 27, 2012, General Electric Capital Corporation and defendant John Malaszuk entered into a loan and security agreement under which GE lent money to John in order to purchase certain vehicles. On June 27, 2013, August 22, 2013 and September 27, 2013, GE and defendant Malaszuk LLC entered into loan and security agreements under which GE lent money to Malaszuk LLC for the purchase of certain vehicles. John issued a continuing guaranty with respect to the June 27 and August 22 agreements, under which he agreed to fully perform, pay and discharge all of the present and future liabilities, obligations

and debts owed by Malaszuk LLC to GE. John did not sign a guaranty with respect to the September 27, 2013 agreement. Rather, Lisa Malaszuk signed a guaranty.

Both John Malaszuk and Malaszuk LLC failed to pay the amounts due under each of the agreements. As a result, GE accelerated the entire amount due and repossessed the vehicles provided as collateral for the agreements. GE sold all but two of the vehicles, applying the net proceeds to the balance due. As of December 22, 2015, GE calculated that the following amounts remained due:

1. $219,245.09 pursuant to the terms of February 27, 2012 agreement, with interest accruing at the rate of $91.00 per diem;

2. $30,248.24 pursuant to the terms of the June 27, 2013 agreement, with interest accruing at the rate of $12.78 per diem;

3. $134,459.39 pursuant to the terms of the August 22, 2013 agreement, with interest accruing at the rate of $56.07 per diem; and

4. $6,590.35 pursuant to the terms of the September 27, 2013 agreement, with interest accruing at the rate of $2.59 per diem.

After filing this case, GE transferred its rights with respect to all of these contracts to plaintiff BMO.

OPINION

A.  Jurisdiction

Jurisdiction is present under 28 U.S.C. § 1332, which requires diversity of citizenship between the plaintiff and defendants and an amount in controversy of more than $75,000. As BMO points out, when a party is substituted under Fed. R. Civ. P. 25, it is the citizenship of the original parties that matters for jurisdiction.  Freeport-McMoran, Inc. v. KN Energy, Inc., 498 U.S. 426 (2000).   Former plaintiffs General Electric Capital and GE Capital Commercial are citizens of Delaware (where both are incorporated), Connecticut (where General Electric Capital has its principal place of business) and Texas (where GE Commercial has its principal place of business).  Plts.' PFOF ¶¶ 1-2, dkt. #50.  Defendants are citizens of Wisconsin, where John Malaszuk and the members of Malaszuk LLC (John Malaszuk and Lisa Malaszuk) are domiciled.  Id. at ¶¶ 3-4.  Because plaintiff alleges that defendants owe several hundred thousands of dollars, it is reasonable to infer that the amount in controversy requirement is satisfied.


B.  Choice of Law

A threshold question in diversity cases such as this one is which state's law should apply.  In the opening briefs, neither side says anything about choice of law.  Instead, they sprinkle their briefs with citations to case law from  both Wisconsin and various other state and federal jurisdictions, without explaining why.  Accordingly, I will apply Wisconsin law. FutureSource LLC v. Reuters Ltd., 312 F.3d 281, 283 (7th Cir. 2002) ("[T]here's no

discussion of choice of law issues, and so we apply the law of the forum state]"). In its reply brief, plaintiff argues in a footnote that the guaranties should be governed by Wisconsin law, some of the loan agreements should be governed by Texas law and other loan agreements should be governed by Utah law. Plt.'s Br., dkt. #49, at 3 n.2. By failing to argue choice of law in its opening brief, plaintiff forfeited this issue.

C. Merits

Defendants raise three arguments in their opposition to plaintiff's motion for summary judgment: (1) John Malaszuk cannot be held liable under the June 27, 2013 and August 22, 2013 agreements because he did not receive any consideration for his guaranty of those agreements; (2) GE did not have the right to repossess the collateral for the February 27, 2012 agreement because defendants had not yet defaulted on that loan at the time; and (3) by repossessing that collateral, plaintiffs prevented defendants from repaying the loans and breached the duty of good faith and fair dealing. I will address each argument in turn.

1. John Malszuk's liability for June 27 and August 22 agreements

Defendant John Malaszuk says that the guaranties he provided for the June 27 and August 22 agreement are not valid because he "did not receive a direct benefit in exchange for his promise to guaranty the debts of Malaszuk [LLC]. All of the benefits for the deal went to Malaszuk [LLC]." Dfts.' Br., dkt. #45, at 7. Defendants rely on the general rule

5

that every contract requires consideration to be enforceable. E.g., NBZ, Inc. v. Pilarski, 185 Wis. 2d 827, 837, 520 N.W.2d 93, 96 (Ct. App. 1994).

In response, plaintiff cites Dahlman v. Hammel, 45 Wis. 466, 468 (1878), and Holmes v. Wisconsin Grain & Fuel Co., 166 Wis. 280, 164 N.W. 1007, 1008 (1917), in which the court stated, "[t]he consideration of a guaranty need not pass between the parties to it. It is enough if a benefit arises to the party for whom the guaranty is given; and forbearance and extension of credit on the original indebtedness is sufficient." In other words, the lender is extending a loan in exchange for the guaranty. It does not matter that the loan goes to someone other than the guarantor.

Although the cases plaintiff cites are dated, my own research uncovered no change in the law on this point in more recent years. E.g., Electric Storage Battery Co. v. Black, 27 Wis. 2d 366, 369, 134 N.W.2d 481, 483 (1965) (if plaintiff "agreed to sell the goods to [a third party] upon credit, on condition that the defendant would guaranty the debt," that is adequate consideration to hold guarantor liable). Newer cases addressing this issue are nonprecedential, but they have adhered to the same conclusion. Luetzow v. Schubring, 2007 WI App 183, ¶¶ 10-11, 304 Wis. 2d 635, 736 N.W.2d 543 ("Where contracts of guaranty are made simultaneously with the principal obligation, they are construed together and may be supported by the same consideration."); Norwest Bank Wisconsin Northeast v. Angelich, 164 Wis. 2d 753, 477 N.W.2d 365 (Ct. App. 1991) ("[S]ufficient consideration exists where there is a benefit to the promisor or the person whose account is guaranteed."); Nystrom v. Sweeney, 143 Wis. 2d 895, 422 N.W.2d 462 (Ct. App. 1988) ("The guaranty

is enforceable if a benefit to the principal debtor is shown or if a detriment to the creditor is established.").

Because it is undisputed that defendant Malaszuk LLC received a loan under the June 27 and August 22 agreements, defendant John Malaszuk received all the consideration that was necessary to make the guaranties enforceable.

2. GE's right to repossess the collateral for the February 27, 2012 agreement

Defendants say that at the time that GE repossessed the collateral for each of the four agreements, the September 27, 2013 agreement was the only one in default. (Plaintiff disputes that, but I need not resolve that dispute to decide plaintiff's motion for summary judgment.) Defendants do not deny that the February 27, 2012 agreement has what plaintiff calls a "cascading default" provision, under which a debtor's or guarantor's default under any agreement with the creditor is considered a default for all of the agreements between the same parties. Dkt. #24, exh. A, § 5.1. Rather, defendants' argument is that a default on the September 27, 2013 agreement should not have qualified as a default on the February 27, 2012 agreement because the parties to the two agreements are different. In particular, the September 27, 2013 agreement was between Malaszuk LLC and GE, with Lisa Malaszuk signing the guaranty, whereas the February 27, 2012 agreement was between John Malaszuk and GE, with no guaranty. In short, defendants say that GE should not have repossessed the collateral for the February 27, 2012 agreement as a result of the default on the September 27, 2013 agreement because John Malaszuk was not a party to the September

27, 2013 agreement and did not provide a guaranty for that agreement.

Defendants do not explain the significance of this argument. It may be that they mean to argue that GE breached the February 27, 2012 agreement by repossessing the collateral, which excused them from any further duty to make payments on that agreement. Regardless of defendants' reason for making the argument, I agree with plaintiff that the argument has a false premise, which is that John Malaszuk was not a guarantor on the September 27, 2013 agreement. As plaintiff points out, John issued a continuing guaranty with respect to the June 27 and August 22 agreements, under which he agreed to pay all present *and future* liabilities, obligations, and debts owed to GE by Malaszuk LLC. Thus, John Malaszuk's guaranty of the June 27 and August 22 agreements extended to the September 27 agreement as well.

Continuing guaranties are both common and lawful ways for a lender to protect its financial interests. E.g., Federal Deposit Ins. Corp. v. Venture Contractors, Inc., 825 F.2d 143, 150 (7th Cir. 1987); Gritz Harvestore, Inc. v. A.O. Smith Harvestore Products, Inc., 769 F.2d 1225, 1231-32 (7th Cir. 1985); Park Bank v. Westburg, 2013 WI 57, ¶ 93, 348 Wis. 2d 409, 447, 832 N.W.2d 539, 558; John Deere Co. v. Babcock, 89 Wis. 2d 672, 676A, 278 N.W.2d 885, 887 (1979). A continuing guaranty can be revoked at any time with respect to future purchases, John Deere, 89 Wis. 2d at 675, 278 N.W.2d at 886, but defendants do not argue that John Malaszuk ever revoked his guaranty.

Generally, a guarantor is entitled to notice of any new agreements. Id. Although plaintiff does not say whether GE gave John Malaszuk notice of the September 27

agreement, both the June 27 and August 22 guaranties included provisions waiving notice. Dkt. #24, exh. C and exh. E, ¶ 3 ("Each Guarantor hereby waives (i) notice of acceptance hereof and notice of extensions of credit given by GE Capital to [Malaszuk LLC] from time to time."). Defendants do not identify any reasons why those waivers might not be enforceable. John Deere, 89 Wis. 2d at 676, 278 N.W.2d at 886 ("[T]he guaranty offer at issue contained a clause waiving notice of successive extensions of credit. We are obliged to give effect to such a waiver on the record before us."). Accordingly, I conclude that GE did not violate plaintiff's rights under the February 27, 2012 agreement by repossessing the collateral after Malaszuk LLC defaulted on the September 27, 2013 agreement.

3. Alleged breach of duty of good faith and fair dealing

Finally, defendants argue that GE's decision to repossess the collateral breached the duty of good faith and fair dealing because GE refused a request by defendants to alter the terms of the September 27 agreement so that defendants could avoid default by selling the collateral at a reduced price. In addition, defendants argue that repossessing the collateral prevented them from fulfilling their obligations under the other agreements.

"Every contract implies good faith and fair dealing between the parties to it, and a duty of cooperation on the part of both parties." Beidel v. Sideline Software, Inc., 2013 WI 56, ¶ 27, 348 Wis.2d 360, 842 N.W.2d 240 (internal quotations omitted). Under this implied "duty of cooperation," a party may commit a breach when it follows "the letter but not the spirit of an agreement" and engages in the type of conduct that is "exactly what the

9

agreement of the parties sought to prevent." Id. (internal quotations omitted). However, "[a] party may not . . . employ the good faith and fair dealing covenant to undo express terms of an agreement." Id. at ¶ 29.

Defendants' allegations about GE's alleged refusal to negotiate are vague. Defendants neither cite documentation to support their allegations nor identify the individuals who were involved. In any event, defendants cite no authority for the view that the duty of good faith required GE to alter the terms of an agreement or refrain from enforcing the agreement in the event of a breach by defendants. As noted above, the duty does not require a party to "undo the express terms of an agreement." Because this is what defendants believe that GE should have done, their argument under the duty of good faith and fair dealing fails.

ORDER

IT IS ORDERED that

1. Plaintiff BMO Harris Bank N.A.'s motion for summary judgment, dkt. #36, is GRANTED.

2. Plaintiff may have until April 27, 2016, to submit a proposed judgment. Defendants John Malaszuk and Malaszuk Specialized Logistics, LLC may have until May

4, 2016, to file an objection, if any. Plaintiff may have until May 9, 2016 to reply.

Entered this 20th day of April, 2016.

                                      BY THE COURT:
                                      /s/
                                      BARBARA B. CRABB
                                      District Judge